| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| KEITH RUSSELL JUDD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:07-CV-225 |
| | § | |
| FEDERAL PRISON INDUSTRIES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's appeal of the magistrate judge's order denying his motion to transfer the case to the Court of Federal Claims (#58). Plaintiff contends that the Court of Federal Claims has exclusive jurisdiction over this case because it involves his allegedly wrongful termination from a prison job, resulting in more than $10,000 in damages.

Pursuant to the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over any claim, in excess of $10,000, against the United States founded upon the Constitution, an Act of Congress, a regulation of an executive department, an express or implied contract with the United States, or for liquidated or unliquidated damages not sounding in tort. 28 U.S.C. § 1491(a)(1). The Court of Federal Claims and the federal district courts have concurrent jurisdiction over such claims that do not exceed $10,000 in amount. 28 U.S.C. § 1346(a)(2). The Tucker Act is a jurisdictional statute; it does not create an independent right of action. *United States v. Testan*, 424 U.S. 392, 398 (1976); *Rothe Dev. Corp. v. United States Dep't of Def.*, 194 F.3d 622, 625 (5th Cir. 1999).

Plaintiff has not demonstrated that his claims vest exclusive jurisdiction in the Court of Federal Claims, such that this case must be transferred to that Court. To the extent that Plaintiff's

claims sound in tort, the Tucker Act does not give the Court of Federal Claims jurisdiction over such claims. *Rothe Dev. Corp.*, 194 F.3d at 624 n.4. Although Plaintiff raises Constitutional claims, he has not based those claims on a Constitutional provision that mandates the payment of damages by the government. *See id.* at 625 ("The 'founded upon the Constitution' clause of the Tucker Act has been limited to apply only to the Takings Clause . . . because only that clause contemplates payment by the federal government."). Finally, Plaintiff has not demonstrated that he had a contractual right to continued employment by the Federal Prison Industries. *See Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) (holding that prisoners do not have a legitimate claim of entitlement to a prison job).

Hence, Plaintiff's claims do not vest exclusive jurisdiction in the Court of Federal Claims, and the interests of justice would not be served by transferring this case. As a result, Plaintiff's amended motion to transfer the case and his appeal of the magistrate judge's order lack merit. It is accordingly

**ORDERED** that the magistrate judge's order denying Plaintiff's amended motion to transfer the case to the Court of Federal Claims is **AFFIRMED**.

SIGNED at Beaumont, Texas, this 7th day of January, 2009.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE